United States District Court
Southern District of Texas
**ENTERED**
June 28, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PNC BANK NATIONAL ASSOCIATION, | § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-01217 |
| | § | |
| WILLIAM C. FISHER IV, *et al*, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Plaintiff PNC Bank National Association's ("PNC") Motion for Summary Judgment (Doc. #23), Defendants William C. Fisher, IV and Judy Raymond Fisher's (the "Fishers") Motion for Summary Judgment (Doc. #24) and Brief in Support of their Motion (Doc. #25), and the Fishers' Response to Plaintiff's Motion for Summary Judgment (Doc. #26). PNC did not respond to the Fishers' Motion for Summary Judgment. Having considered the arguments and the applicable legal authority, the Court grants the Fishers' Motion for Summary Judgment, and denies PNC's cross-motion for summary judgment.

### I. Background

This case is a judicial foreclosure action brought by PNC against the Fishers. In response, the Fishers countersued for a declaratory judgment that PNC's suit for judicial foreclosure is barred given the applicable statute of limitations. As both parties agree the applicable statute of limitations would have expired on April 24, 2013 without some type of tolling or abandonment, this case hinges on whether PNC abandoned the initial acceleration of the applicable loan before the four year statute of limitations expired.

The Fishers own a house located at 4642 Waring Street, Houston, Texas 77027, subject to a home equity loan ("Note") and security instrument ("Deed of Trust") now payable to PNC. Doc.

#23, at 4-5. The Note was first assigned to RBC Bank ("RBC"). Doc. #23, at 5. The Note and the Deed of Trust contained acceleration clauses, empowering the lender with an option to accelerate the full balance of the loan in the event of a default. Doc. #23, Ex. 1, at 4-9.

The Fishers first failed to make their required monthly payment in November 2008, and have made no payments since that date. *See* Doc. #24. As a result, RBC sent the Fishers a letter on January 5, 2009, notifying them of the amount overdue, and providing them thirty days to cure the default or face acceleration of the Note (the "Notice of Intent to Accelerate"). Doc. #23, Ex. 1, at 10. On April 24, 2009, after the Fishers failed to cure the default, RBC sent another notice informing the Fishers that RBC had elected to accelerate the debt (the "April 24, 2009 Acceleration"). *Id.* at 12. After receiving this notice, Mr. Fisher attempted to negotiate a loan modification with RBC. Doc. #24, Ex. 3, at 6. There is no evidence RBC offered Mr. Fisher a loan modification, and a July 30, 2009 letter sent by RBC's attorney establishes that RBC did not accept Mr. Fisher's requests for modification. Doc. #24, Ex. 2, at 4.

In September 2009, based on the April 24, 2009 Acceleration, RBC applied for an order under Texas Rule of Civil Procedure 736 ("Rule 736") allowing it to proceed with an expedited nonjudicial foreclosure. Doc. #23, at 6. The Fishers responded by filing a separate petition challenging RBC's right to foreclose. *Id.* The Fishers' suit triggered automatic dismissal of RBC's Rule 736 application pursuant to Texas Rule of Civil Procedure 736.11. Doc. #23, at 7. In September 2011, RBC filed its second Rule 736 application. *Id.* The Fishers again filed suit contesting RBC's right to foreclose and again RBC's application was automatically dismissed in February of 2012. *Id.* Later that year, RBC merged with and into PNC, and all parties agree PNC is

now the holder of the Note and Deed of Trust.[1] Doc. #24, at 2. PNC did not file a counterclaim seeking to foreclose in response to the Fishers' lawsuits. *See* Doc. #23. Instead, the Fishers voluntary dismissed both suits without prejudice each time PNC's Rule 736 applications were dismissed. *Id.*

On October 19, 2011, after PNC's first Rule 736 application was dismissed, PNC sent a second letter notifying the Fishers that the bank had elected to accelerate the debt (the "Second Notice of Acceleration"). Doc. #23, Ex. 1, at 14. On two occasions in 2011, Mr. Fisher e-mailed PNC again requesting a loan modification; PNC rejected both requests. Doc. #24, Ex. 3, at 14-15. Finally, on September 6, 2013, PNC sent the Fishers a letter notifying them they could reinstate their loan by paying $112,956.00—an amount less than the total accelerated balance (the "Reinstatement Quote"). Doc. #23, Ex. 1, at 18. The Fishers did not make any payments to PNC in response to the Reinstatement Quote or at any time since their original default. Doc. #24, at 2.

## II. Law

### a. Motion for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the

---

[1] Accordingly, the Court refers to both entities as PNC for the remainder of this Order.

absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56 burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### b. Limitations and Abandonment

Under Texas law, a secured lender must bring suit for judicial foreclosure of a real property lien not later than four years after the day the cause of action accrues." *Boren v. U.S. Nat. Bank Ass'n,* 807 F.3d at 104 (5th Cir. 2015), citing Tex. Civ. Prac. & Rem. Code § 16.035(a). The applicable four-year statute of limitations for real property actions is found in Texas Civil Practice

and Remedies Code § 16.035, addressing (a) judicial foreclosures, and (b) nonjudicial foreclosures.[2] *Clawson v. GMAC Mortg., LLC*, Civ. A. No. 3:12-CV-00212, 2013 U.S. Dist. 2013 WL 1948128, at *2 (S.D. Tex. May 9, 2013). Once the four-year period expires, "the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code § 16.035 (d). If, as here, "a note or deed of trust secured by real property contains an optional acceleration clause," the action accrues "when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Acceleration requires a "clear and unambiguous . . . (1) notice of intent to accelerate and (2) notice of acceleration." *Id.*

Even if a loan is accelerated, the holder can abandon its prior acceleration either through joint action with the borrower, or through its own, unilateral action, which effectively restores the note's original maturity date. *See Leonard v. Ocwen Loan Servicing, L.L.C.*, No. 14-20611, 2015 WL 3561333 at *3 (5th Cir. June 9, 2015); *see also Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. Ct. App. 2012). One way a bank unilaterally abandons a prior acceleration is by sending a statement requesting payment on less than the full amount of the loan. *Leonard*, 2015 WL 3561333 at *3.

The statute of limitations is generally an affirmative defense and a defendant bears the burden to plead, prove, and secure findings to support its affirmative defense. *Holland v. Lovelace*, 352 S.W.3d 777, 788 (Tex. App.—Dallas 2011, pet denied.). The same is true when a plaintiff seeks a declaration that a particular limitations period has run. *See Holy Cross*, 44 S.W.3d at 566. However, when a bank seeks to avoid limitations by claiming abandonment, the bank bears the burden of proving such an abandonment occurred. *See Murphy v. HSBC Bank USA*, No. CV H-12-

---

[2] Plaintiff incorrectly relies on § 16.035(b) in their Motion for Summary Judgment, which governs nonjudicial foreclosure. Doc #23, at 9. In this case, Plaintiff seeks judicial foreclosure. Accordingly, the relevant provision is § 16.035(a). *See Clawson*, 2013 U.S. Dist. 2013 WL 1948128, at *2, n.2.

3278, 2017 WL 393595, at *17 (S.D. Tex. Jan. 30, 2017) (stating a bank must produce conclusive evidence of abandonment to avoid limitations).

**III.   Analysis**

Both parties agree the initial accrual date triggering the four year statute of limitations is April 24, 2009. Accordingly, unless PNC, or its predecessor in interest, abandoned the acceleration, the statute of limitations on judicial foreclosure expired April 24, 2013. PNC filed this action for judicial foreclosure on May 6, 2015. Thus, the only issue before the Court is whether PNC, or its predecessor in interest, abandoned the April 24, 2009 Acceleration before the expiration of the relevant statute of limitations. PNC contends that the April 24, 2009 Acceleration was abandoned on three grounds: (1) the acceleration was abandoned by actions taken before April 24, 2013; (2) even if it was not, the appropriate statute of limitations was tolled by the numerous lawsuits filed by the Fishers resulting in the automatic dismissal of PNC's Rule 736 Applications; (3) given the tolling, the Reinstatement Quote sent September 6, 2013 unequivocally abandoned the applicable statute of limitations.

In regard to PNC's first argument, the Court does not find any evidence that the April 24, 2009 Acceleration was abandoned through actions taken before April 24, 2013. PNC argues the acceleration was abandoned within this time period because (1) the Fishers sought numerous modifications of their loan, and (2) PNC sent the Fishers the Second Notice of Acceleration on October 19, 2011. As to the Fishers' requests for loan modification, PNC rejected each and every one of these requests. Had PNC chosen to work with the Fishers to modify the loan, or provided the Fishers with an opportunity to pay less than the amount owed, the Fishers' requests for modification may have been some evidence of abandonment by PNC. However, because PNC did neither, the Fishers' requests for modification cannot constitute abandonment. As to the Second Notice of

Acceleration, case law is clear that a bare notice of acceleration is insufficient to establish abandonment. *Id.* at *4. Allowing a holder to restart the limitations period by continuously sending notices of acceleration "would make a mockery of the statute of limitations." *Id.* at *5. As such, there is no evidence the April 24, 2009 Acceleration was abandoned before April 24, 2013.

PNC next argues "the running of the statute of limitations was abated" because of the lawsuits filed by the Fishers in response to PNC's Rule 736 applications. Doc. #23, at 11. Under Texas law, however, the automatic dismissal of a Rule 736 application does not toll the statute of limitations for judicial foreclosure. *Deutsche Bank Nat'l Trust Co. v. Ra Surasak Ketmayura*, No. A-14-CV-00931-LY-ML, 2015 WL 3899050, *8-9 (W.D. Tex. June 10, 2015); *see also Murphy v. HSBC Bank USA*, 95 F. Supp. 3d 1025, 1037 (S.D. Tex. 2015). The right to seek judicial foreclosure and the right to exercise the power of sale granted in a mortgage or deed of trust are separate and distinct remedies. *Erickson v. Wells Fargo, N.A. (In re Erickson)*, 566 F. App'x 281, 284 (5th Cir. 2014). The key to Texas tolling rules is whether pending legal actions prevent the exercise of a legal remedy. *Flanary v. Mortg. Elec. Registration Sys., Inc.*, No. 4:15CV208-AM-CMC, 2016 WL 3647983, at *11 (E.D. Tex. June 6, 2016), *report and recommendation adopted*, No. 4:15-CV-208, 2016 WL 3633659 (E.D. Tex. July 7, 2016). As a Rule 736 proceeding is no impediment to a suit for judicial foreclosure, a suit automatically dismissing a Rule 736 proceeding does not toll the statute of limitations for judicial foreclosure. *Deutsche Bank*, 2015 WL 3899050, at *9; *see also Davis v. Andrews*, 88 Tex. 524, 529, 30 S.W. 432, 433-34 (Tex. 1895) (holding an injunction halting foreclosure under a power of sale does not toll limitations when there is another remedy available). Accordingly, tolling the statute of limitations for judicial foreclosure, a claim completely separate from the Rule 736 process, is inappropriate.

As tolling is inappropriate, the September 6, 2013 Reinstatement Quote is no evidence of

abandonment because it was sent almost four months after the expiration of the applicable statute of limitations. It is undisputed that sending a similar reinstatement quote within the statute of limitations would have constituted unilateral abandonment of the acceleration, however, PNC sent this document four months too late. As PNC has presented no evidence that the April 24, 2009 Acceleration was abandoned before the expiration of the applicable statute of limitations, PNC's suit for judicial foreclosure is barred by the statute of limitations. As such, Defendants' Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

## IV. Conclusion

For the foregoing reasons, the Fishers' Motion for Summary Judgment is GRANTED, and PNC's Motion for Summary Judgment is DENIED.

It is so ORDERED.

JUN 2 8 2017
Date

The Honorable Alfred H. Bennett
United States District Judge

8